# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MACJHAY YAGAO, | CASE NO. 15cv2554-WQH-JLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| JOHN WEAVER, Warden, | |
| Defendant. | |

HAYES, Judge:

On November 1, 2015, Petitioner Macjhay Yagao commenced this action by filing a Petition for Writ of Habeas Corpus. (ECF No. 1). On December 17, 2015, Petitioner filed an Amended Petition for Writ of Habeas Corpus challenging his San Diego Superior Court conviction for the transportation of more than 28.5 grams of marijuana in violation of California Health and Safety Code section 11360(c). (ECF No. 6). On December 9, 2016, Petitioner filed a motion for stay and abeyance. (ECF No. 34).

On July 7, 2017, the United States Magistrate Judge issued the Report and Recommendation, recommending this Court deny the Amended Petition and the motion for stay and abeyance. (ECF No. 37). On July 28, 2017, Petitioner filed objections to the Report and Recommendation. (ECF No. 38).

On August 29, 2017, the Court adopted the Report and Recommendation in its entirety, denied the Amended Petition, and denied the motion for stay and abeyance. (ECF No. 39). The Court also stated, "The Court finds that Petitioner has raised non-

frivolous arguments. The Court grants a certificate of appealability." *Id.* A Clerk's Judgment was issued stating that the motion for stay and abeyance, the Petition for Writ of Habeas Corpus, and the Amended Petition for Writ of Habeas Corpus are denied. (ECF No. 40).

On September 25, 2017, the Petitioner filed a notice of appeal, motion for pro bono counsel, and a motion to proceed in forma pauperis. (ECF No. 41).

On October 4, 2017, the Court of Appeals issued an order stating that the certificate of appealability issued by this Court did not identify "which issue(s) satisfy the standards set forth in 28 U.S.C. § 2253(c)(2)." (ECF No. 45). The Order states:

> this case is remanded to the district court for the limited purpose of issuing a modified certificate of appealability at the court's earliest convenience. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). In the modified certificate of appealability, the court should specify which issue or issues meet the required showing. *See* 28 U.S.C. § 2253(c)(3); *Asrar*, 116 F.3d at 1270. A new briefing schedule will be established after resolution of the certificate of appealability issue, and the motions pending in this court for appointment of counsel and in forma pauperis status.

*Id.*

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a section 2254 habeas corpus proceeding. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[T]he district court shall indicate which specific issue or issues satisfy the standard for issuing a certificate, or state its reasons why a certificate should not be granted." *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate should issue where the prisoner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review of the record in this case, the Court concludes that Petitioner's fully-exhausted claims in his Amended Petition are non-frivolous and debatable among reasonable jurists. Pursuant to the order of the Court of Appeals, this Court grants a modified certificate of appealability as to the following claims: (1) ineffective assistance of counsel for failure to advise of adverse immigration consequences of his guilty plea; (2) ineffective assistance of counsel for failure to investigate and utilize all available defenses and to adequately negotiate a plea agreement on his behalf; (3) ineffective assistance of counsel because counsel coerced him into entering a guilty plea; (4) Petitioner's plea was not entered voluntarily and intelligently; and (5) the trial court failed to conduct an on-the-record colloquy.

DATED: October 18, 2017

**WILLIAM Q. HAYES**
United States District Judge